**Juan Carlos SALAS–ALAMILLA;
Martha Osoria–De Salas,
Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–70116.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Filed June 22, 2006.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioners.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Juan Carlos Salas–Alamilla and Martha Osoria-de Salas, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny in part, dismiss in part, and grant in part the petition for review.

The petitioners contend that the Board's summary decision deprived them of due process. This contention is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–53 (9th Cir.2003).

Osoria-de Salas also argues that the immigration judge erred in finding that she failed to establish that her United States citizen children would suffer exceptional and extremely unusual hardship if she were removed to Mexico. We lack juris-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

diction to review this discretionary determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003).

Salas–Alamilla contends that the immigration judge erred in finding that he failed to satisfy the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) due to his departure to Mexico in 1993. He testified that when he attempted to return to the United States, he was caught at the border and taken back to Tijuana. He answered "Yes" to the question whether he was granted voluntary departure.

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam). After the Board issued its decision, we held, however, that an alien's brief return to his native country for family reasons does not interrupt his continuous physical presence even if he is stopped and turned away at the border when he attempts to return. *Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005).

On the record before us, we cannot determine whether Salas–Alamilla received administrative voluntary departure under threat of deportation. We therefore grant the petition and remand for further proceedings concerning the nature of Salas–Alamilla's contacts with immigration officials in 1993 and such further proceedings as may be appropriate. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir. 2006).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN

PART AS TO ORORIA–DE SALAS; PETITION FOR REVIEW GRANTED IN PART AND REMANDED AS TO SALAS–ALAMILLA.